Receipt #0066868

ORIGINAL

FILED
JUL 19 2007
U.S. COURT OF FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST

Pursuant to 28 U.S.C. § 1491(b)

---

MEEKS DISPOSAL CORPORATION,

Plaintiff,

v. Case No. 07-544 C

THE UNITED STATES OF AMERICA,

Defendant.

---

## POST-AWARD PROCUREMENT PROTEST COMPLAINT

NOW COMES the Plaintiff, Meeks Disposal Corporation ("Meeks"), by counsel, and for its Complaint, states as follows:

1. Meeks is a Virginia Corporation with its headquarters located at 1328 Cavalier Boulevard, Chesapeake, Virginia 23323. Meeks is a waste management contractor supplying solid-waste disposal services to businesses throughout Southeastern Virginia.

2. Meeks owns and maintains over 2,100 refuse and trash containers and employs over 80 experienced waste disposal workers in Southeastern Virginia.

3. Meeks submitted a Proposal and supporting documents ("Proposal")(Exhibit A) in response to that certain Request for Proposal and Amendments ("RFP")(Exhibit B), a combination firm-fixed price / indefinite delivery-indefinite quantity, lowest-price, technically acceptable

solicitation issued by the Department of the Navy, Naval Facilities Engineering Command, Mid-Atlantic ("Navy") on or about September 13, 2006, and identified as RFP N40085-06-R-1131 seeking bidders for the Navy's Annual Refuse Collection Contract ("Contract").

4. After multiple revisions the twelfth and final amendment was issued on November 6, 2006. (Exhibit C.)

5. Meeks timely submitted its bid on November 15, 2006 in the amount of $11,724,986.95.

6. The Navy determined Dorado Services, Inc. ("Dorado") of South Florida to be the lowest-priced, technically acceptable bidder, and accordingly, awarded Contract N40085-06-D-0410 to Dorado. Meeks was informed of the Navy's award to Dorado by letter of March 16, 2007 (Exhibit D.)

7. The Navy agreed to pay Dorado's bid of $34,462,531.67.

8. Meeks requested a post-award debriefing by its letter of March 20, 2007 (Exhibit E), which was held on March 22, 2007 by Contract Specialist Deborah Abell and Assistant Counsel David Nimmich.

9. The Navy identified deficiencies with Meeks' Proposal based on only two factors, Technical Approach/Management ("TAM") and Corporate Experience, rating Meeks' Proposal "Less Than Acceptable" under both factors. Meeks was rated "Acceptable" for its Small Business factor and "Neutral" for the Past Performance factor.

10. During the debriefing, Abell and Nimmich specifically denied that Meeks' bid price was evaluated, explaining that because the Proposal was rated technically unacceptable overall, its Proposal was excluded from price evaluation.

11. Meeks filed its Protest of Award of Contract ("Protest"), pursuant to 4 C.F.R. § 21.1©) with the Government Accountability Office ("GAO") on March 26, 2007. The Protest and Supplemental Protest were designated by the GAO as B-299576 and B-299576.2.

12. Meeks' Protest was denied by the GAO's Decision of June 28, 2007. (Exhibit F)("GAO Decision").

**JURISDICTION**

13. Jurisdiction is vested in the Court of Federal Claims to hear this Post-Award Procurement Protest Complaint pursuant to 28 U.S.C. § 1491(b), "the United States Court of Federal Claims . . . shall have jurisdiction to render judgment on an action by an interested party objecting to a solicitation by a Federal agency for . . . the award of a contract or any alleged violation of statute or regulation in connection with a procurement . *Id.*

14. Meeks was the lowest price bidder on the contract (GAO Decision at p. 4), and had a reasonable expectation of being awarded the Contract had it been rated "Technically Acceptable" by the Technical Evaluation board (TEB), the Source Selection Board (SSB), and Source Selection Authority (SSA).

15. Meeks is an "interested party" because as an unsuccessful bidder participating in the RFP, Meeks has both a connection to the procurement and an economic interest in the procurement. *See, Am. Fed'n Gov't Employees, AFL-CIO v. United States*, 258 F.3d 1294 (Fed. Cir. 2001).

16. Meeks will suffer irreparable harm if the Navy proceeds with awarding the Contract to Dorado, as Meeks will lose any meaningful opportunity to compete for the Contract. *See,*

*Protection Strategies, Inc. v. United States*, 76 Fed. Cl. 225 (2007); *PGBA, LLC v. United States*, 57 Fed. Cl. 655 (2003).

17. Meeks is a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" and therefore, "is entitled to judicial review thereof." 5 U.S.C. § 702.

18. Because of the improper actions of the Navy in rejecting Meeks' Proposal as technically unacceptable, the Government has breached the implied contract of good faith and fair dealing. *See, Park Tower Mgm't, Ltd. v. United States*, 67 Fed. Cl. 548 (2005).

19. Because of the improper actions of the Navy in rejecting Meeks' Proposal as technically unacceptable, the Government has breached its implied contractual duty to Meeks and similarly situated bidders to have bids fairly and honestly considered. *See, United States v. John C. Grimburg Co.*, 702 F.2d 1362, 1367 (Fed. Cir. 1983)(*en banc*).

## FACTS

20. On November 15, 2006, Meeks submitted a technically acceptable bid proposal at the lowest price offered to the Navy.

21. Meeks was denied the award, and the Government was denied the savings of over twenty-two million dollars because the Navy determined Meeks' Proposal to be technically "less than acceptable."

22. In the course of prosecuting its Protest before the GAO, Meeks received copies of the reports of the TEB, SSB, and SSA. (Exhibits G, H, and I, respectively).

23. Of the five bids considered by the TEB, SSB, and SSA, three were found to be technically acceptable, including Dorado, Offeror A, and Offeror B. (GAO Decision at p. 4).

24. Among the bidders determined by the Navy to be technically acceptable, Dorado and Offeror B were rated "Acceptable" for all evaluation factors. (Exhibit F p. 4.)

25. Offeror A received an Overall Rating of "Acceptable", notwithstanding it being rated "Less Than Acceptable" under the TAM factor. *Id.*

26. Had Meeks' Proposal been determined acceptable for either the TAM factor or the Corporate Experience factor, based on the Navy's assessment of Offeror A's proposal, Meeks' Proposal would have been determined to be technically "Acceptable" overall, and Meeks would have been awarded the Contract.

**TAM FACTOR**

27. The TEB's report made several findings concerning Meeks' Proposal. The TEB Report justified Meeks' rating of "Less Than Acceptable" for its TAM factor by alleging the following weaknesses:

- "Recruit and retain plan did not provide any details how they plan to recruit and retain employees."
- "They discuss their current workforce and management, but did not discuss how they planned to staff for this RFP and retain existing personnel."
- "Workforce Management-Operational level is not detailed and the span of control [sic] is not detailed in the organizational chart as required by the RFP."
- "Details on day to day operations and supervision were not provided."

(TEB Report at p. 7).

28. The weaknesses identified by the TEB above relate to subfactors set forth in the RFP, which instruct the bidder to:

- "(b) Describe what methods and procedures you will use to recruit and retain experienced personnel and managers in regards to this project."
- "(c) Workforce Management. Describe the lines of management authority, supervision, space of control and accountability, including the relationship between overall management (corporate and on-site), administration, and subcontractors."

(Amendment 0012 of the RFP, November 6, 2006, pp. 5-6).

29. The TEB did find positive technical aspects of Meeks' Proposal. The TEB found that Meeks' Proposal provided a Phase-In Transition Plan that was "very detailed and specific, each area [was] broken down by phase." (TEB Report at p. 7).

30. To submit an acceptable Phase-In Transition Plan, Meeks had to meet the following requirements:

> "(a) Phase-In Transition Plan. Describe what you will do to "start-up" with 60 days of the award for performance of this contract, and "phase-out" for the follow-on contract to ensure the transition is seamless to the customer(s). Include a schedule of key events, personnel actions and responsibilities regarding employees at all levels."

(Amendment 0012 of the RFP, November 6, 2006, pp 5-6).

31. The TEB also found that Meeks had adequately described its management and control of government property. To do this, Meeks had to meet the following requirement:

> "(d) Government-Furnished Property. Describe processors for management control of Government Furnished facilities, equipment, and materials (if applicable) including documentation and controls [sic] of records."

(Amendment 0012 of the RFP, November 6, 2006, pp. 5-6).

32. The TEB also found that "Meeks adequately addressed all questions in Section L of the RFP" which asked the bidders to respond to eight specific issues set forth in Amendment 0012 of the RFP, November 6, 2006, at p. 6:

> 3.1 [sic] Describe your plan for developing and implementing an optimized schedule to meet the performance standard. Describe how you will alter and change your schedule to meet fluctuating demands for various containers i.e. containers may require additional servicing during periods of heavy workload and fewer services during periods of low workload. Describe how your schedule and methodology will provide for an efficient operation and cost savings to the Government.
>
> 3.1 [sic] Describe your proposed vehicles and equipment (e.g. leased or owned, how many, age, and status).
>
> 3.2 Describe your plan for providing monthly disposal records. Indicate how you will keep accurate records of waste disposal for each installation i.e. NNSY waste, Little Creek waste, Oceana waste etc.
>
> 3.3 How do you plan to maintain your equipment and containers in a clean, sanitary condition and minimize foul odors?
>
> 3.4 Describe your proposed containers (e.g., leased owned, how many, age and status). Describe how you will identify your containers to meet the requirements of NNSY.
>
> 3.5 Describe your plan for developing and implementing your schedule for policing grounds. Indicate how many full time employees do you plan to perform this function.
>
> 3.6 Describe your plan for developing and implementing your schedule for street sweeping. Describe the equipment you will be using to perform this function.
>
> 3.7 Describe your plan for operating the Tipping Platform at NNSY. Indicated how many full time employees you plan to use to perform this function. Describe the equipment you will use to successfully operate the Tipping Platform.

(Amendment 0012 of the RFP, November 6, 2006, p. 6).

33. The TEB comments indicate Meeks' Proposal was judged on undisclosed factors, i.e. "operational level" and "organizational chart" deficiencies, terms which do not appear in the RFP.

34. The Federal Acquisition Regulations ("FAR") govern the Navy's procurement procedures pursuant to 41 U.S.C. § 253(a)(1)(A). The FAR requires that in a "Lowest Price Technically Acceptable Source Selection Process" the "evaluation factors and significant subfactors that establish the requirements of acceptability shall be set forth in the solicitation." FAR § 15.101-2(b)(1).

35. The SSB adopted the findings of the TEB with regards to the TAM and Corporate Experience factor ratings for Meeks. (SSB Report at pp. 4-6).

36. The SSA concurred with the ratings of the SSB. (SSA Report at p. 2).

37. Upon information and belief, the TEB, SSB, and SSA all found Offeror A to be rated overall "Acceptable" notwithstanding a TAM rating of "Less Than Acceptable."

**<u>CORPORATE EXPERIENCE FACTOR</u>**

38. Factor B of the RFP, Corporate Experience, required the bidders to "provide information on a maximum of ten (10) refuse contracts completed in the past five years, including current (on-going) contracts. Contracts must be similar in size, scope and complexity as the current requirement. The bidder is to include a short description, contract number, title, location and list of clients and points of contact on individual contracts with accurate phone numbers." (Amendment 0012 of the RFP, November 6, 2006, pp. 6-7).

39. The TEB found Meeks' Corporate Experience "Less Than Acceptable" because "none of the referenced projects were of similar size, scope, or complexity as the RFP. In addition, Meeks appears to be the prime contractor on only one referenced contract." (TEB Report at p. 7).

40. The TEB noted the following weakness in the Corporate Experience section of Meeks' Proposal:

- "It appears to the TEB that Meeks was the subcontractor on four of the seven listed [contracts]."
- "Only the wood and rubber contract was a route contract similar to this RFP, but is a significantly smaller size."

(TEB Report at p. 7).

41. The TEB also noted the following "Significant Weakness", "[d]ollar amounts not clear, cannot tell if the dollar amount is for the prime or the sub." *Id.*

42. The TEB comments indicate Meeks' Proposal was judged on undisclosed factors, i.e. subcontractor/prime contractor, "dollar amount" for contracts, and "route contract" experience, terms which do not appear in the RFP.

43. The SSB affirmed the TEB's rating of "Less Than Acceptable." (SSB Report at p. 4).

44. The SSB found "[f]or Technical Factor B, Corporate Experience, Meeks did not provide clear dollar amounts and details if they were the subcontractor or the prime on projects submitted for this factor." (SSB Report at p. 6).

45. The SSA concurred with the ratings of the SSB. (SSA Report at p. 2).

46. It is undisputed that the RFP contemplated a preference for small business entities, as exemplified by Factor E "Small Business Subcontracting Effort." Meeks is and was a Small Business.

47. In its decision, the GAO concluded that "[i]f Meeks rating of 'less than acceptable' under the corporate experience evaluation factor were the sole basis for concluding that its proposal was unacceptable, it appears from this record, that the Navy would be required to refer this issue to the Small Business Administration for a certificate of competency review." (GAO Decision footnote 4).

48. After the TEB, SSB, and SSA determined or concurred in the agency determinations that Meeks failed to document sufficient capability, competency, capacity, and corporate experience, the Navy failed to refer the matter to the Small Business Administration ("SBA") for a Certificate of Competency in accordance with 48 C.F.R. § Subpart 19.6 and FAR § 15.101-2.

49. The SSB considered Meeks' price, contrary to the representations of the debriefers and the provisions of FAR § 15.101-2(b)(3), and found it "unreasonable and unrealistic to meet the requirements of the RFP." (SSB Report at p. 6). No explanation was given for the SSB's finding.

## FIRST CLAIM FOR RELIEF
## GENERAL CLAIM

50. Meeks re-alleges and incorporates herein Paragraphs 1 through 49.

51. Meeks' Proposal met, and was in substantial compliance with, all technical requirements of the RFP. Meeks addressed each element of the RFP and accounted for all foreseeable contingencies to assure compliance, full performance and best value to the Government.

52. The Navy's determination that Meeks' Proposal was rated "Less Than Acceptable" overall is arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

**SECOND CLAIM FOR RELIEF**
**TAM FACTOR**

53. Meeks re-alleges and incorporates herein Paragraphs 1 through 52.

54. Meeks' Proposal met, and was in substantial compliance with, all technical requirements of "Factor A - Technical Approach / Management" of the RFP. Meeks' Proposal addressed each requirement and sub-factor of the RFP fully and adequately and accounted for all foreseeable contingencies to assure compliance, full performance and best value to the Government.

55. The Navy's rating of "Less Than Acceptable" for "Factor A - Technical Approach / Management" of the RFP based upon Meeks' alleged failure to adequately address all evaluation factors and sub-factors is arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

**THIRD CLAIM FOR RELIEF**
**UNDISCLOSED FACTORS**
**TAM FACTOR**

56. Meeks re-alleges and incorporates herein Paragraphs 1 through 55.

57. The Navy improperly used undisclosed evaluation factors to determine the TAM Factor portion of Meeks' Proposal was "Less Than Acceptable." These undisclosed factors the Navy required of Meeks, but failed to include in the RFP include, but are not limited to:

- Detailed description of staffing of personnel for RFP
- Description of bidder's overall Recruitment and Retention Plan
- Organizational Chart detailing "Operational Level" details and "Span of Control"
- Explanation of operational chain of command and workforce for "Working Level"
- Detailed description of day-to-day operations and supervision

58. While agencies properly may apply evaluation considerations that are not expressly outlined in the RFP, where those considerations are reasonably and logically encompassed within the stated evaluation criteria, there must be a clear nexus between the stated criteria and unstated consideration. *In re Global Analytic Info. Tech Servs., Inc.*, B-298840.2, 2007 U.S. Comp. Gen. LEXIS 57, at *7-8 (Comp. Gen. Proc. February 6, 2007).

59. The undisclosed factors listed above were not factors Meeks could have reasonably foreseen and were not reasonably and logically encompassed within the stated evaluation criteria. Further, there was no clear nexus between the stated criteria and the undisclosed factors.

60. Had the Navy properly disclosed these evaluation factors, Meeks would have responded directly to the factors, and its Proposal would not have been adjudged to have a "weakness", and Meeks would have been awarded the Contract.

61. The Navy's determination to rate the TAM Factor of Meeks' Proposal based in whole or in part on the undisclosed evaluation factors set forth above is arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

**FOURTH CLAIM FOR RELIEF**
**CORPORATE EXPERIENCE**

62. Meeks re-alleges and incorporates herein Paragraphs 1 through 61.

63. Meeks' Proposal met, and was in substantial compliance with, all technical requirements of "Factor B - Corporate Experience" of the RFP. Meeks' Proposal addressed each element of the RFP fully and adequately and accounted for all foreseeable contingencies to assure compliance, full performance and best value to the Government.

64. The Navy's rating of "Less Than Acceptable" for "Factor B - Corporate Experience" of the RFP based upon Meeks' alleged failure to adequately address all evaluation factors and sub-factors is arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

**FIFTH CLAIM FOR RELIEF**
**UNDISCLOSED FACTORS**
**CORPORATE EXPERIENCE FACTOR**

65. Meeks re-alleges and incorporates herein Paragraphs 1 through 64.

66. The Navy improperly used undisclosed evaluation factors to determine the "Factor B - Corporate Experience" portion of Meeks' Proposal was "Less Than Acceptable." These

undisclosed factors the Navy required of Meeks, but failed to include in the RFP include, but are not limited to:

- Prime or subcontractor status for prior contracts
- Price information for prior contracts
- "Routine route" experience

67. Had the Navy properly disclosed these evaluation factors, Meeks would have responded directly to the factors, and its Proposal would not have been adjudged to have a "weakness", and Meeks would have been awarded the Contract.

68. The undisclosed factors listed above were not factors Meeks could have reasonably foreseen and were not reasonably and logically encompassed within the stated evaluation criteria. Further, there was no clear nexus between the stated criteria and the undisclosed factors.

69. The Navy's determination to rate the "Factor B - Corporate Experience" portion of Meeks' Proposal based in whole or in part on the undisclosed evaluation factors set forth above was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

## SIXTH CLAIM FOR RELIEF
## SMALL BUSINESS ADMINISTRATION
## CORPORATE COMPETENCY

70. Meeks re-alleges and incorporates herein Paragraphs 1 through 69.

71. The Navy improperly found Meeks' prior contracts for waste disposal services not to be of "similar size, scope and complexity" to the RFP.

72. Meeks's Proposal set forth extensive experience in the chaotic cleanup efforts following Hurricane Katrina's devestation of the Gulf Coast and the City of New Orleans. These contracts were of similar or greater size, scope, and complexity than the work contemplated by the RFP.

73. As determined by the GAO, if the Navy had questions on Meeks' corporate experience, it should have referenced the matter to the SBA since Meeks is a small business.

74. The Navy's determination to rate the "Factor B - Corporate Experience" portion of Meeks' Proposal based in whole or in part on its determination that Meeks' prior contracts were not of "similar size, scope, and complexity" as the work contemplated by the RFP was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

**SEVENTH CLAIM FOR RELIEF**
**PRICE**

75. Meeks re-alleges and incorporates herein Paragraphs 1 through 74.

76. The Navy improperly found Meeks' price was "unreasonable and unrealistic" and unacceptable and failed to adequately evaluate or explain its finding.

77. The Navy's determination to rate Meeks' price "unreasonable and unrealistic" and unacceptable and failure to adequately evaluate or explain its decision was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

## EIGHTH CLAIM FOR RELIEF
## AWARD TO DORADO

78. Meeks re-alleges and incorporates herein Paragraphs 1 through 77.

79. The Navy failed to explain or provide its rationale to accept a bid $22,737,545 lower than Dorado's winning bid upon which the Navy awarded the Contract.

80. The Navy's decision to award the Contract to Dorado at a price premium of $22,737,545 more than Meeks' Proposal, without an explanation or rationale for its decision was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

## NINTH CLAIM FOR RELIEF
## REFERRAL TO THE SBA

81. Meeks re-alleges and incorporates herein Paragraphs 1 through 81.

82. The Navy's "Less Than Acceptable" ratings of both Factors A and B, and Overall Rating of Meeks' Proposal were based upon responsibility determinations of Meeks' capability, competency and capacity. The Navy's concerns were primarily with Meeks' corporate experience, Recruitment and Retention Plan, and the details of the "working level."

83. The Navy failed to refer Meeks' Proposal to the Small Business Administration for a Certificate of Competency as required by 48 C.F.R. Subpart 19.6.

84. Because Meeks was the lowest priced bidder, if would have been awarded the Contract but for the Navy's Overall Rating of "Less Than Acceptable".

85. The Navy's failure to refer Meeks' Proposal to the SBA for a determination of responsibility via the Certificate of Competency program was contrary to pertinent legal authority,

arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

## PRAYER FOR RELIEF

WHEREFORE, your Plaintiff, Meeks Disposal Corporation, prays this Court grant judgment in its favor and award the following relief:

86. The Court declare the Navy's finding that Meeks' Proposal was rated overall "Less Than Acceptable" was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

87. The Court declare the Navy's finding that the "Factor A - Technical Approach / Management" portion of Meeks' Proposal was rated overall "Less Than Acceptable" was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

88. The Court declare the Navy's finding that the "Factor B - Corporate Experience" portion of Meeks' Proposal was rated overall "Less Than Acceptable" was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by

law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

89. The Court declare the Navy's finding that Meeks' proposed contract price was unreasonable, unrealistic, and unacceptable was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

90. The Court declare the Navy's use of undisclosed evaluation factors to downgrade portions of Meeks' Proposal and justify the Navy's overall and individual factor ratings of "Less Than Acceptable" was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

91. The Court declare the Navy's failure to refer Meeks' Proposal to the SBA for a determination of responsibility via the Certificate of Competency was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the FAR and the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

92. The Court declare the Navy's failure to adequately evaluate Meeks' proposed price or explain its findings was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards

set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

93. The Court declare the Navy's unexplained award of the Contract to Dorado, at a price premium of $22,737,545, was arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violates the standards set forth in 5 U.S.C. § 706, is inconsistent with the evaluation criteria set forth in the RFP, and Meeks has been prejudiced thereby.

94. The Court declare Meeks is entitled to equitable relief and money damages for the Navy's breach of the implied-in-fact contract of good faith, fair dealing and honest consideration of Meeks' Proposal in response to the Navy's RFP.

95. The Court decree the TAM Factor of Meeks' Proposal "Acceptable", and the Proposal technically acceptable for the requirements of the RFP.

96. The Court decree the Corporate Experience Factor of Meeks' Proposal "Acceptable", and the Proposal technically acceptable for the requirements of the RFP.

97. The Court decree Meeks' Proposal "Acceptable" overall, and technically acceptable for the requirements of the RFP.

98. The Court order and permanently enjoin the Navy to terminate and cancel the Contract awarded to Dorado.

99. The Navy be ordered and enjoined to withhold award of the Contract pending the outcome of this Complaint.

100. The Navy be temporarily and preliminarily enjoined from proceeding with the performance of the Contract pending the outcome of this Complaint.

101. The Navy be permanently enjoined from proceeding with the performance of the Contract.

102. The Navy be ordered to refer the determination of Meeks' responsibility to the SBA for a Certificate of Competency.

103. The Navy be ordered to re-compete the Contract.

104. The Navy be ordered to issue a new RFP.

105. The Navy be ordered to award the Contract to Meeks.

106. The Navy be ordered to pay all reasonable attorney fees incurred by Meeks through the protest process.

107. Such further relief as the Court deems necessary to meet the ends of justice.

[signature]
DANNY MEEKS

COMMONWEALTH OF VIRGINIA,
City of Virginia Beach to wit:

I hereby certify that **DANNY MEEKS** personally appeared before me, a Notary Public, in the aforesaid jurisdiction and swore under oath that the foregoing is true to the best of his knowledge and belief. Danny Meeks is personally known to me or produced ______________ as proof of identification.

Given under my hand this 18th day of July, 2007.

[signature]
Notary Public

Registration No.: 355060
My Commission Expires: May 31, 2009.

Respectfully submitted this the 18th day of July, 2007.

MEEKS DISPOSAL CORPORATION

By: ______________________
Of Counsel

J. Bryan Plumlee, Esq. (VSB# 44444)
Paul R. Schmidt, Esq. (VSB# 45840)
HUFF, POOLE & MAHONEY, P.C.
*Counsel for Meeks Disposal Corporation*
4705 Columbus Street
Virginia Beach, Virginia 23462
Telephone: (757) 518-5615
Facsimile: (757) 552-6016
bplumlee@hpmlaw.com

**CERTIFICATE OF SERVICE**

The Plaintiff hereby certifies that on the 18th day of July, 2007, the foregoing Post-Award Procurement Protest Complaint was sent to the following:

F. Jefferson Hughes, Esq.
Department of Justice
Commercial Litigation Branch, Civil Division
8th Floor
100 L. Street, N.W.
Washington, DC 20530
*via overnight mail*

Dorado Services, Inc.
Joseph M. Goldstein, Esq.
Shutts & Bowen, LLP
200 East Broward Blvd. Suite 2100
Ft. Lauderdale, FL 33301
*via first class mail*

Damon Martin
Assistant Counsel (Acquisition)
Naval Facilities Engineering Command
Headquarters
damon.a.martin@navy.mil
*via e-mail transmission*

______________________