ORIGINAL

FILED
JUL 19 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST
Pursuant to 28 U.S.C. § 1491(b)

MEEKS DISPOSAL CORPORATION,

Plaintiff,

v. Case No. 07-544 C

THE UNITED STATES OF AMERICA,

Defendant.

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

NOW COMES the Plaintiff, Meeks Disposal Corporation ("Meeks"), by counsel, and pursuant to Rule 65 of the Rules of the Court of Federal Claims ("RCFC") moves the Court for a Preliminary Injunction precluding the Defendant, and, more particularly, the United States Department of the Navy's Naval Facilities Engineering Command, Mid-Atlantic ("Navy"), from issuing Refuse Collection Contract N40085-06-D-0410 ("Contract") awarded to Dorado Services ("Dorado") pursuant to that certain Request for Proposal and Amendments ("RFP"), a combination firm-fixed price / indefinite delivery-indefinite quantity, lowest-price, technically acceptable solicitation identified as RFP N40085-06-R-1131, issued on or about September 13, 2006, and in support thereof, states as follows:

1. The Court of Federal Claims is empowered to issue preliminary injunctions in federal procurement contract protests pursuant to the provisions of 28 U.S.C. § 1491(b)(2), and Rule 65 of the Rules of the Court of Federal Claims ("RCFC").

2. The Navy is required to conduct fair and open competition for procurement contracts in accordance with the Federal Acquisition Regulations ("FAR"). 41 U.S.C. § 253(a)(1)(A).

3. The Navy also has an implied contract of good faith and fair dealing with prospective bidders for procurement contracts. *Park Tower Mgm't v. United States*, 67 Fed. Cl. 548 (2005).

4. Meeks' Complaint, filed herewith, sets forth allegations detailing the Navy's failure to follow the requirements of the FAR and its use of undisclosed evaluation factors to find Meeks' Proposal in response to the RFP ("Proposal") technically unacceptable, and excluded from award to the Contract to the "lowest-price, technically acceptable" bidder.

5. The Navy failed to conform its procurement process to the requirements of the FAR by using undisclosed evaluation factors to disqualify Meeks' Proposal.

6. The Navy's use of the undisclosed evaluation factors violates the standards of conduct set forth in 5 U.S.C. § 706, which requires this Court to "hold unlawful and set aside agency action, findings and conclusions found to be arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with law" or "without observance of procedure required by law." *Id.*

7. The Navy failed to adequately evaluate Meek's Proposal as all requested, pertinent information was provided.

8. The Navy improperly used Meeks' price to evaluate the technical factors of its Proposal.

9. This Court may grant a preliminary injunction to a plaintiff who demonstrates the following:

(1) a likelihood of success on the merits;

(2) irreparable injury to plaintiff if defendant is not enjoined, including but not limited to the absence of an adequate remedy at law;

(3) the harm to plaintiff outweighs the harm to defendant; and

(4) the public interest is served by enjoining the defendant.

*Delbert Wheeler Const. Co. v. United States*, 39 Fed. Cl. 239251 (1997).

## LIKELIHOOD OF SUCCESS ON THE MERITS

10. Because the Navy clearly used undisclosed evaluation factors, contrary to governing law, regulation, and procedure, Meeks demonstrates a likelihood of success on the merits.

11. Because the Navy failed to submit Meeks' Proposal to the Small Business Administration for a Certificate of Competency and found instead a weakness as to the proposal on issues of responsibility, Meeks demonstrates a likelihood of success on the merits.

12. Because the Navy failed to find the Proposal adequately addressed all evaluation factors and sub-factors of the RFP, the Navy's actions were arbitrary and capricious, an abuse of agency discretion, and otherwise not in accordance with law and unsupported by law or fact, violated the standards set forth in 5 U.S.C. § 706, and were inconsistent with the evaluation criteria set forth in the RFP.

13. For the reasons set forth in its Verified Complaint which is incorporated herein by reference, Meeks demonstrates a likelihood of success on the merits.

## IRREPARABLE INJURY

14. Meeks will suffer irreparable harm to its competitive interests if the Navy is allowed to proceed with the award of the Contract to Dorado, as Dorado will be actively performing the work and become the incumbent contractor. "This court has acknowledged that a lost opportunity to compete may constitute an irreparable harm." *PGBA, LLC. v. United States*, 57 Fed. Cl. 655, 664 (2003).

15. Without a preliminary injunction forbidding the Navy from proceeding with the award of the Contract to Dorado, the status quo will be irreparably shifted in favor of Dorado, and Meeks will suffer the loss of its competitive advantage of being the lowest-priced bidder on the RFP should the procurement process be cured through a rebid.

16. Meeks will suffer irreparable harm to its competitive interests if the Navy is allowed to proceed with the award of the Contract to Dorado, as Dorado will be actively performing the work and become the incumbent contractor.

17. If the Navy is permitted to proceed, the status quo will be shifted to favor Dorado because Dorado will have purchased the needed equipment, hired the necessary personnel and establish a physical presence in Tidewater Virginia which it currently lacks.

## BALANCE OF HARDSHIPS

18. The Navy will suffer no harm if the injunctive relief is granted, as the incumbent contractor will continue providing the necessary solid waste management services, as it has during the pendency of the GAO Protest.

19. Meeks, in contrast, will lose its competitive advantage and lose its ability to compete for the Contract, as Dorado would commence its start-up equipment purchasing, employment, and servicing of the Navy bases.

20. Dorado Services will not be harmed in that delays in the commencement of the Contract are expected in the government procurement process, and Dorado has not expended funds to service the Navy under the Contract.

21. Awarding the injunction shall maintain the status quo.

**PUBLIC INTEREST**

22. "The public interest in honest, open, and fair competition in the procurement process is compromised whenever an agency abuses its discretion in evaluating a contractor's bid." *PGBA, LLC. v. United States*, 57 Fed. Cl. 655, 663 (2003).

**WHEREFORE**, Meeks prays this honorable court enjoin the Navy from proceeding under the Contract identified as a Refuge Collection Contract N40085-06-D-0410 until such time as this Court has ruled on the merits of the lawsuit filed on behalf of the Plaintiff, Meeks Disposal Corporation.

Respectfully submitted this the 18th day of July, 2007.

MEEKS DISPOSAL CORPORATION

By: ______________________
Of Counsel

J. Bryan Plumlee, Esq. (VSB# 44444)
Paul R. Schmidt, Esq. (VSB# 45840)
HUFF, POOLE & MAHONEY, P.C.
*Counsel for Meeks Disposal Corporation*
4705 Columbus Street
Virginia Beach, Virginia 23462
Telephone: (757) 518-5615
Facsimile: (757) 552-6016
bplumlee@hpmlaw.com

**CERTIFICATE OF SERVICE**

The Plaintiff hereby certifies that on the 18th day of July, 2007, the foregoing Plaintiff's Motion for Preliminary Injunction was sent to the following:

F. Jefferson Hughes, Esq.
Department of Justice
Commercial Litigation Branch, Civil Division
8th Floor
100 L. Street, N.W.
Washington, DC 20530
*via overnight mail*

Damon Martin
Assistant Counsel (Acquisition)
Naval Facilities Engineering Command
Headquarters
damon.a.martin@navy.mil
*via e-mail transmission*

Dorado Services, Inc.
Joseph M. Goldstein, Esq.
Shutts & Bowen, LLP
200 East Broward Blvd. Suite 2100
Ft. Lauderdale, FL 33301
*via first class mail*

______________________