**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
Bid Protest

MEEKS DISPOSAL CORPORATION,

Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

Defendant.

Case No.: 07-544

**MOTION BY DORADO SERVICES, INC. TO INTERVENE AS DEFENDANT AND MOTION FOR LEAVE TO FILE ANSWER OR OTHERWISE RESPOND TO COMPLAINT ON SAME DATE AS DEFENDANT UNITED STATES**

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims, Dorado Services, Inc. ("Dorado") seeks permission to intervene as a party defendant in this action, and for an order setting the deadline for Dorado's response to the Complaint and Motion for Preliminary Injunction on the same date that the Government's responses are due. The United States does not oppose this motion. Dorado does not expect Meeks to oppose the motion either because Meeks did not object to such intervention in the related bid protest heard by the General Accountability Office, but counsel for Meeks is unavailable until Tuesday, July 24, 2007.

This is a bid protest challenging a contract award by the United States Navy, Naval Facilities Engineering Command, to Dorado. As the awardee, Dorado has a direct interest in the outcome of this case. This Court routinely allows contract awardees to intervene as party-defendants in bid protests. *JWK International Corp. v. United States*, 49 Fed. Cl. 371, 385 (2001), *aff'd,* 279 F.3d 983 (Fed. Cir. 2001); *Dubinsky v. United States*, 43 Fed. Cl. 243, 252



SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

(1999); *Candle Corp. v. United States*, 40 Fed. Cl. 658, 662 (1998); *GraphicData, LLC v. United States*, 37 Fed. Cl. 771, 777 (1997).

Dorado has a right to intervene under Rule 24(a), which states that a person may intervene as a matter of right when:

> the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). As an awardee, Dorado has important interests at stake in this case, and its disposition clearly could impair those interests. The protester, Meeks Disposal Corporation ("Meeks"), seeks to overturn the award to Dorado. Dorado has an interest in preserving its right to perform the contract and earn benefits accruing from that performance.

Dorado's interests are not adequately represented by the Government. The Government's interest in defending bid protests typically includes preserving the discretion of agency officials and enabling itself to proceed with procurements without undue delay. Dorado's interest is to preserve its ability to perform.

Alternatively, Dorado moves for permissive intervention under Rule 24(b)(2), as (1) Dorado's motion was timely filed one day after the Complaint was filed, on the same day the Complaint became available on the ECF system; and before Dorado was served with the Complaint (2) Dorado's "claim or defense and the main action have a question of law or fact in common;" and (3) Dorado's intervention will not unduly delay or prejudice the adjudication of the action. RCFC 24(b)(2).

Dorado also respectfully request that the Court allow it to answer or otherwise respond to the Complaint and the Motion for Preliminary Injunction no later than the deadlines for the



SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

Government's responses. Rule 24(c) requires that a person desiring to intervene shall accompany its motion to intervene with a pleading setting forth the claim or defense for which intervention is sought. However, this motion is being submitted one day after the Complaint was filed, so Dorado has not had time yet to develop information to prepare an Answer.

WHEREFORE, Dorado moves that it be permitted to intervene as a party-defendant in this action and that Dorado's deadline for responding to the Complaint and Motion for Preliminary Injunction be extended to the ate that the Government's responses are due.

SHUTTS & BOWEN LLP
*Counsel for Dorado Services, Inc.*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Main: (954) 524-5505
Direct: (954) 847-3837
Direct Fax: (954) 888-3066

By: /s/Joseph M. Goldstein
JOSEPH M. GOLDSTEIN
jgoldstein@shutts-law.com
Florida Bar No.: 820880

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 20, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Joseph M. Goldstein



SHUTTS & BOWEN LLP / 200 EAST BROWARD BOULEVARD, SUITE 2100 / FORT LAUDERDALE, FLORIDA 33301 / (954) 524-5505

**SERVICE LIST**

MEEKS DISPOSAL CORPORATION v. THE UNITED STATES OF AMERICA
UNITED STATES COURT OF FEDERAL CLAIMS
CASE NO.: 07-544

J. Bryan Plumlee, Esquire
Huff, Poole & Mahoney, P.C.
Counsel for Meeks Disposal Corporation
4705 Columbus Street
Virginia Beach, Virginia 23462
bplumlee@hpmlaw.com
*Via CM/ECF transmission*

F. Jefferson Hughes, Esquire
Counsel for The United States
Department of Justice, Commercial Litigation Branch
Civil Division, 8th Floor
100 L. Street, N.W.
Washington, DC 20530
Jeff.Hughes@usdoj.gov
*Via CM/ECF transmission*

Damon Martin, Assistant Counsel
Naval Facilities Engineering Command Headquarters
damon.a.martin@navy.mil
*Via Email*