# In the United States Court of Federal Claims

No. 07-544 C
(Filed: July 27, 2007)

***********************************
MEEKS DISPOSAL CORPORATION, *
*
Plaintiff, *
*
v. *
*
THE UNITED STATES, *
*
Defendant, *
*
and *
*
Dorado Services, Inc., *
*
Defendant-Intervenor. *
***********************************

**ORDER**

The court convened the initial status conference in the above-captioned case on July 27, 2007. During the status conference, the parties agreed to the following schedule with respect to Plaintiff's Motion for Preliminary Injunction ("motion"):

- Defendant shall file the administrative record **no later than 12:00 p.m. on Tuesday, July 31, 2007**. Defendant's request to file the administrative record on CD-ROM is **GRANTED**. Defendant shall also provide two bound courtesy copies of the administrative record to chambers by the same deadline.

- Defendant shall file its opposition to plaintiff's motion **no later than 12:00 p.m. on Tuesday, July 31, 2007**.

- Plaintiff shall file its reply to defendant's opposition **no later than 12:00 p.m. on Thursday, August 2, 2007**.

- Defendant-intervenor shall file its opposition to plaintiff's motion **no later than 12:00 p.m. on Thursday, August 2, 2007**.

- Plaintiff shall file its reply to defendant-intervenor's opposition **no later than close of business on Thursday, August 2, 2007**.

- The court will hear argument on plaintiff's motion on **Friday, August 3, 2007, at 2:00 p.m.**, at the Howard T. Markey National Courts Building, 717 Madison Place, NW, Washington, DC. Counsel for defendant-intervenor shall contact chambers, at (202) 357-6644, **no later than close of business on Monday, July 30, 2007**, to advise the court whether he will be appearing at argument in person, or by telephone.

In addition to agreeing to the above schedule, the parties discussed the entry of a protective order and the possibility of testimony from Danny Meeks, plaintiff's president and Chief Executive Officer. Defendant indicated that he would file a motion for a protective order and authorization to file sealed documents electronically as soon as possible. With respect to the possible testimony of Mr. Meeks, the court states the following:

**Court Guidance Regarding Testimony at the Preliminary Injunction Hearing.** As discussed with the parties during the status conference, the court may permit limited testimony by Mr. Meeks. Although Mr. Meeks has submitted an affidavit in this matter, additional testimony may be appropriate to support plaintiff's claim regarding prejudice or irreparable harm. Admittedly, the court normally confines its review to the administrative record in bid protest cases. However, in such cases, the existing record naturally is devoid of evidence supporting factors that the court must consider; namely, prejudice or irreparable harm. Nevertheless, plaintiff is cautioned that the court will not permit an attempt by plaintiff to supplement or clarify its proposal through testimony at hearing. Plaintiff's case must rise or fall on the written record. If plaintiff failed to properly detail all aspects of its proposal in its submission to the Navy, then it must live with that fact. The court will not allow plaintiff to rewrite or supplement its proposal at the August 3, 2007 hearing.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge