# In the United States Court of Federal Claims

No. 07-544 C
(Filed: August 3, 2007)

```
*************************************
MEEKS DISPOSAL CORPORATION,         *
                                    *
                 Plaintiff,         *
                                    *
 v.                                 *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant,              *
                                    *
and                                 *
                                    *
DORADO SERVICES, INC.,              *
                                    *
            Defendant-Intervenor.   *
*************************************
```

**ORDER DENYING PRELIMINARY INJUNCTIVE RELIEF**

This post-award bid protest concerns the procurement of refuse collection services for several facilities belonging to the United States Department of the Navy ("Navy") in the Hampton Roads, Virginia area. Plaintiff Meeks Disposal Corporation, an unsuccessful bidder, alleges that the Navy improperly awarded the contract to a competing bidder, defendant-intervenor Dorado Services, Inc. Presently before the court is Plaintiff's Motion for Preliminary Injunction, which seeks to preclude the Navy from allowing the successful bidder to proceed on the contract. As explained from the bench and memorialized below, plaintiff has failed to meet its burden to show that preliminary injunctive relief is appropriate in this case.

Preliminary injunctive relief is an extraordinary and drastic remedy. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam); FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993). In determining whether to grant a motion for a preliminary injunction, a court must consider whether (1) plaintiff is likely to succeed on the merits; (2) plaintiff will suffer irreparable harm if the court withholds injunctive relief; (3) the balance of hardships favors the grant of injunctive relief; and (4) it is in the public interest to grant injunctive relief. U.S. Ass'n of Imps. of Textiles & Apparel v. United States, 413 F.3d 1344, 1346 (Fed. Cir. 2005); PGBA, LLC v. United States, 389 F.3d 1219, 1228-29 (Fed. Cir. 2004). None of the four factors, taken individually, is dispositive, and a "weakness of the showing regarding one factor may be overborne by the strength of the others." FMC Corp., 3 F.3d at 427. Conversely, "the absence of

any one factor may be sufficient" to deny preliminary injunctive relief. Id. The award of preliminary injunctive relief is within the discretion of the court. Id. "When injunctive relief is warranted, it will only be issued upon a showing by a preponderance of the admissible evidence." Textron, Inc. v. United States, 74 Fed. Cl. 277, 287 (2006); see also Idea Int'l, Inc. v. United States, 74 Fed. Cl. 129, 137 (2006) (applying a preponderance standard in ruling on a permanent injunction).

1. Based upon the record developed on the motion for preliminary injunction, plaintiff has failed to show a likelihood of success on the merits on its allegations that the Navy erred by (1) rating plaintiff's overall proposal "less than acceptable"; (2) assigning to plaintiff a rating of "less than acceptable" for the Technical Approach/Management and Corporate Experience factors; (3) considering undisclosed factors in evaluating the Technical/Approach/Management and Corporate Experience factors; (4) finding that plaintiff's prior contracts were not of "similar size, scope, and complexity"; (5) finding that plaintiff's proposed contract price was "unreasonable and unrealistic"; (6) awarding the contract to defendant-intervenor with a "price premium of $22,737,545" over plaintiff's proposed price; and (7) failing to refer plaintiff's proposal to the Small Business Administration "for a determination of responsibility via the Certificate of Competency program."

2. In theory, plaintiff would suffer from irreparable harm if the Navy proceeded with awarding the contract because it would endure a lost opportunity to compete. See PGBA, LLC v. United States, 57 Fed. Cl. 655, 664 (2003) ("This court has acknowledged that a lost opportunity to compete may constitute an irreparable harm . . . ."). More specifically, the status quo would be "irreparably shifted in favor of" defendant-intervenor should the contract be rebid because defendant-intervenor would become the incumbent contractor and "will have purchased the needed equipment, hired the necessary personnel and establish[ed] a physical presence" in the Hampton Roads, Virginia area. See Pl.'s Mot. ¶¶ 15-17.

However, plaintiff's allegations of a "lost opportunity to compete" or of "competitive damage" are premised on plaintiff's submission of a technically acceptable and reasonably priced bid. The record now before the court does not make such a showing likely. Plaintiff's failure to show a likelihood of success in proving that its overall proposal was not "less than acceptable" and proposed contract price was not "unreasonable and unrealistic" undercuts plaintiff's premise and its resulting claim of irreparable harm. See Int'l Res. Recovery, Inc. v. United States, 60 Fed. Cl. 1, 8 (2004) ("[I]n a situation . . . where Plaintiff has not demonstrated a likelihood of success on the merits, and the Court concludes the playing field was as level as the law requires, the possibility of irreparable harm becomes more remote.")

3. The administrative and financial burdens that a preliminary injunction would create for the Navy and the risk of rising costs to defendant-intervenor outweigh any harm that might be suffered by plaintiff. See PGBA, LLC v. United States, 389 F.3d 1219, 1231-32 (Fed. Cir. 2004).

4. Based upon the record developed to date, the public interest is best served by the Navy's more efficient use of its scarce resources that would result from the consolidation of its refuse collection and disposal contracts.

On the whole, and given plaintiff's allegations on the merits of its request for a preliminary injunction, the court finds, within its sound discretion, that a preliminary injunction should not issue.

Accordingly, as the court ruled at the conclusion of the hearing:

1. Plaintiff's Motion for Preliminary Injunction is **DENIED**.

2. Plaintiff's Motion To Supplement and Amend Complaint is **GRANTED**.

Further, the court adopts the discovery and briefing schedule proposed by the parties at the conclusion of the hearing:

1. Discovery closes on **Friday, August 24, 2007**.

2. Plaintiff shall file its motion for judgment on the administrative record **no later than Friday, September 21, 2007**.

3. Defendant and defendant-intervenor shall file their cross-motions for judgment on the administrative record and oppositions to plaintiff's motion **no later than Friday, October 12, 2007**.

4. Plaintiff shall file its reply in support of its motion and its opposition to defendant and defendant intervenor's cross-motions **no later than Friday, October 26, 2007**.

5. Defendant and defendant-intervenor shall file replies in support of their cross-motions **no later than Friday, November 9, 2007**.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge