IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **MEEKS DISPOSAL CORPORATION,** | ) | |
| | ) | **Bid Protest** |
| **Plaintiff,** | ) | |
| | ) | **No.07-544C** |
| **v.** | ) | |
| | ) | **(Judge Sweeney)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DORADO SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |

**MOTION TO COMPEL**

COMES NOW Defendant Meeks Disposal Corporation (hereinafter "Meeks"), by counsel, and respectfully moves this Court for an Order compelling Non-Party Waste Industries, LLC f/k/a Waste Industries, Inc. ("Waste Industries") to respond to Meeks' subpoena *duces tecum*. In support of this Motion, Meeks states as follows:

1. Meeks served a subpoena *duces tecum* on Waste Industries on September 5, 2007.

2. On October 1, 2007, Waste Industries, by counsel, submitted its responses which are attached as Exhibit A to this motion.

3. Waste Industries was issued four requests in the subpoena. Waste Industries objected to and failed to adequately respond to three of the requests. See Exhibit A.

4. In response to request number one, which asks Waste Industries to provide documents related to Waste Industries' communications with Irving Naftaly, Waste Industries objected on the grounds the request is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Waste Industries further objected on the grounds

the request is protected by the attorney client privilege, the work product doctrine, and contains confidential business information requiring a protective order before release. Waste Industries admitted it has personnel and employment records responsive to the request, but such documents were not provided. See Exhibit A at 1-2.

5. In response to request number two, which asks Waste Industries to provide documents related to any payment by Waste Industries to Irving Naftaly, Waste Industries objected on the grounds the request is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Waste Industries further objected on the grounds the request is protected by the attorney client privilege, the work product doctrine, and contains confidential business information requiring a protective order before release. Waste Industries admitted it has personnel and employment records responsive to the request, but such documents were not provided. See Exhibit A at 2-3.

6. In response to request number three, which asks Waste Industries to provide documents related to any employment, consultant or other contract with Irving Naftaly, Waste Industries objected on the grounds the request is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Waste Industries further objected on the grounds the request is protected by the attorney client privilege, the work product doctrine, and contains confidential business information requiring a protective order before release. Waste Industries admitted it has personnel and employment records responsive to the request, but such documents were not provided. See Exhibit A at 2-3.

7. Waste Industries has not provided a privilege log indicating what documents have been withheld due to the attorney-client privilege or work product doctrine.

8. The information sought is germane and relevant to these proceedings because the discovery requests seek information directly related to the Claims for Relief in Meeks' Complaint and Amended Complaint.

9. This Court has ordered discovery be permitted in its Order of August 3, 2007.

WHEREFORE, it is prayed that this Court issue an appropriate Order compelling the Non-Party Waste Industries, LLC f/k/a Waste Industries, Inc., respond to Meeks' outstanding discovery.

Respectfully submitted this 4th day of October, 2007.

MEEKS DISPOSAL CORPORATION

By: /s/ J. Bryan Plumlee
Of Counsel

J. Bryan Plumlee, Esq. (VSB# 44444)
Paul R. Schmidt, Esq. (VSB# 45840)
HUFF, POOLE & MAHONEY, P.C.
*Counsel for Meeks Disposal Corporation*
4705 Columbus Street
Virginia Beach, Virginia 23462
Telephone: (757) 518-5615
Facsimile: (757) 552-6016
bplumlee@hpmlaw.com

## CERTIFICATE OF SERVICE

The Plaintiff hereby certifies that on the 4th day of October, 2007, I will electronically file the foregoing Motion to Compel using the CM/ECF system, which will then send a notification of such filing to the following:

F. Jefferson Hughes, Esq.
Department of Justice
Commercial Litigation Branch, Civil Division
8th Floor
100 L. Street, N.W.
Washington, DC 20530

Joseph M. Goldstein, Esq.
Shutts & Bowen, LLP
200 East Broward Blvd. Suite 2100
Ft. Lauderdale, FL 33301

And I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

J. Kellam Warren, Esq.
Wyrick Robbins Yates & Ponton LLP
4101 Lake Boone Trail
Suite 300
Raleigh, NC 27607

/s/ J. Bryan Plumlee
Of Counsel

J. Bryan Plumlee, Esq. (VSB# 44444)
Paul R. Schmidt, Esq. (VSB# 45840)
HUFF, POOLE & MAHONEY, P.C.
*Counsel for Meeks Disposal Corporation*
4705 Columbus Street
Virginia Beach, Virginia 23462
Telephone: (757) 518-5615
Facsimile: (757) 552-6016
bplumlee@hpmlaw.com

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MEEKS DISPOSAL COPRORATION** | ) | |
| **v.** | ) | **No. 07 544C** |
| **THE UNITED STATES And DORADO SERVICES** | ) | |

**NON-PARTY WASTE INDUSTRIES, LLC'S RESPONSE AND OBJECTIONS TO SUBPOENA**

Pursuant to Rules of the United States Court of Federal Claims, Rule 45(c), Non-Party Waste Industries, LLC. (f/k/a "Waste Industries, Inc.") ("Waste Industries") makes the following objections to the subpoena served upon it by Meeks Disposal Corporation ("Meeks Disposal"):[1]

**REQUEST NO. 1:**

Any and all documents related to, referring to, or reflecting information or communications regarding communications between Waste Industries, Inc. and/or its agents and representatives and Irving Naftaly.

**RESPONSE TO REQUEST NO. 1:**

Waste Industries objects to Request No. 1 on the grounds that it is overly broad in time and subject matter scope and seeks information that is irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Additionally, Waste Industries objects to Request No. 1 to the extent that it seeks (i) information protected from disclosure by the attorney-client privilege

1 A copy of the subpoena is attached hereto as **Exhibit A**.



EXHIBIT
tabbies
A

and/or work product doctrine, and/or (ii) private, confidential information related to a third party who is not a party to the above-captioned litigation. Waste Industries further objects to producing documents related to the terms and conditions of Mr. Naftaly's employment with Reliable Trash Service, LLC ("Reliable Trash"), a subsidiary of Waste Industries, USA, Inc., absent entry of a mutually agreeable "attorneys' eyes only" protective order, as such information is confidential business information and Meeks Disposal is a competitor.

Subject to and without waiving the foregoing objections, Waste Industries responds that it has located no documents responsive to this request for time periods subsequent to the end of Mr. Naftaly's employment with Reliable Trash, which ended on or about February 24, 2004. While Reliable Trash has personnel and employment records responsive to this grossly over broad request, those records appear to be wholly irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Waste Industries has communicated its relevance objection to Meeks Disposal's counsel and Meeks Disposal has not offered any information to suggest that such employment or personnel records are within the scope of discovery.

**REQUEST NO. 2:**

Any and all documents related to, referring to, or reflecting information demonstrating any payment by the Waste Industries, Inc to Irving Naftaly.

**RESPONSE TO REQUEST NO. 2:**

Waste Industries objects to Request No. 2 on the grounds that it is overly broad in time and subject matter scope and seeks information that is irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Additionally, Waste Industries objects to Request No. 2 to the extent that it seeks (i) information protected from disclosure by the attorney-client privilege

and/or work product doctrine, and/or (ii) private, confidential information related to a third party who is not a party to the above-captioned litigation. Waste Industries further objects to producing documents related to the terms and conditions of Mr. Naftaly's employment with Reliable Trash, a subsidiary of Waste Industries, USA, Inc., absent entry of a mutually agreeable "attorneys' eyes only" protective order, as such information is confidential business information and Meeks Disposal is a competitor.

Subject to and without waiving the foregoing objections, Waste Industries responds that it has located no documents responsive to this request for time periods subsequent to the end of Mr. Naftaly's employment with Reliable Trash, which ended on or about February 24, 2004. While Reliable Trash has personnel and employment records responsive to this grossly over broad request, those records appear to be wholly irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Waste Industries has communicated its relevance objection to Meeks Disposal's counsel and Meeks Disposal has not offered any information to suggest that such employment or personnel records are within the scope of discovery.

**REQUEST NO. 3:**

Any and all documents related to, referring to, or reflecting information demonstrating and employment, contract, or consultant, or similar relationship between Waste Industries, Inc and/or its agents and representatives and Irving Naftaly.

**RESPONSE TO REQUEST NO. 3:**

Waste Industries objects to Request No. 3 on the grounds that it is overly broad in time and subject matter scope and seeks information that is irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Additionally, Waste Industries objects to Request No. 3 to

the extent that it seeks (i) information protected from disclosure by the attorney-client privilege and/or work product doctrine, and/or (ii) private, confidential information related to a third party who is not a party to the above-captioned litigation. Waste Industries further objects to producing documents related to the terms and conditions of Mr. Naftaly's employment with Reliable Trash, a subsidiary of Waste Industries, USA, Inc., absent entry of a mutually agreeable "attorneys' eyes only" protective order, as such information is confidential business information and Meeks Disposal is a competitor.

Subject to and without waiving the foregoing objections, Waste Industries responds that since Naftaly's employment with Reliable Trash ended, he has not been employed or engaged as an independent contractor by Reliable Trash Service, LLC or Waste Industries, Inc. Waste Industries has located no documents responsive to this request for time periods subsequent to the end of Mr. Naftaly's employment with Reliable Trash, which ended on or about February 24, 2004. While Reliable Trash has personnel and employment records responsive to this grossly over broad request, those records appear to be wholly irrelevant and unrelated to any claim or defense at issue in the above-captioned litigation. Waste Industries has communicated its relevance objection to Meeks Disposal's counsel and Meeks Disposal has not offered any information to suggest that such employment or personnel records are within the scope of discovery.

**REQUEST NO. 4:**

Any and all documents provided to, received from, or worked on by Irving Naftaly from June 1, 2006 through March 31, 2007.

**RESPONSE TO REQUEST NO. 4:**

To date, Waste Industries has located no documents responsive to this request.

Respectfully submitted,

Jennifer M. Miller
N.C. Bar No. 25340
Post Office Drawer 17803
Raleigh, NC 27619
Telephone No. (919) 781-4000
Facsimile No. (919) 781-4865
jmiller@wyrick.com
*Counsel for Nonparty Waste Industries, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2007, a true and correct copy of the foregoing was filed by federal express, overnight delivery with the Clerk of the Court, with copies to all counsel of record in this action by electronic mail and facsimile transmission, as follows:

John Bryan Plumlee, Esq.
Paul R. Schmidt, Esq.
Huff, Poole & Mahoney, P.C.
4705 Columbus Street
Virginia Beach, VA 23462
Email: bplumlee@hpmlaw.com
Facsimile No. (757) 552-6041

Joseph Marc Goldstein, Esq.
Shutts & Bowen, LLP
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Email: jgoldstein@shutts.com
Facsimile No. (954) 888-3066

Frank Jefferson Hughes, Esq.
U.S. Department of Justice
Civil Division – Commercial Litigation Br.
1100 L Street, NW 8th Floor
Washington, DC 20530
Email: jeff.hughes@usdoj.gov
Facsimile No. (202) 514-8640

Jennifer M. Miller