**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MEEKS DISPOSAL COPRORATION** | ) | |
| | ) | **Bid Protest** |
| **v.** | ) | **No. 07 544C** |
| **THE UNITED STATES**<br>**And**<br>**DORADO SERVICES** | ) | **(Judge Sweeney)** |

**NON-PARTY WASTE INDUSTRIES, LLC'S**
**RESPONSE IN OPPOSITION TO MEEKS DISPOSAL CORPORATION'S**
**MOTION TO COMPEL**

Non-Party Waste Industries, LLC. (f/k/a "Waste Industries, Inc.") ("Waste Industries"), hereby files this response in opposition to Plaintiff Meeks Disposal Corporation's ("Meeks Disposal") motion to compel and, in support thereof, Waste Industries states as follows:

On October 1, 2007, via Federal Express overnight delivery, Non-Party Waste Industries filed with the Clerk its response and objections to a subpoena served upon it by Meeks Disposal, a direct competitor of Waste Industries and its related companies (Reliable Trash Service, LLC ("Reliable Trash") and Waste Industries USA, Inc.).[1] In response to Waste Industries' objections, Meeks Disposal filed a motion to compel. Considering the lack of any apparent relation between the subpoenaed information and the pending litigation, as well as Waste Industries' substantial confidentiality concerns, Meeks Disposal's motion to compel should be denied.

Waste Industries conceives of no relationship between the subpoenaed information and any claim/defense at issue in the above captioned action, and Meeks Disposal has offered none in its

1 Reliable Trash is a subsidiary of Waste Industries, USA, Inc. The documents potentially responsive to the subpoena issued to Waste Industries are the same documents potentially responsive to the subpoena issued to Reliable Trash.

motion to compel other than to claim without explanation or support that it relates to a claim or defense. The subpoena issued to Waste Industries in this government contracting bid protest action seeks information related to Irving Naftaly, a former employee of Reliable Trash. Mr. Naftaly ceased employment with Reliable Trash in March 2004. During his employment with Reliable Trash, Mr. Naftaly was at certain times acting as Manager of Waste Industries' Tidewater Branch, with responsibilities for both Waste Industries' private sector and government contracting activities within that market. Given Mr. Naftaly's position, and the scope of his work with Reliable Trash, Mr. Naftaly's personnel file includes a great detail of confidential, financial and other operations related data regarding Reliable Trash's/Waste Industries' operations in the Tidewater market for both private and government contracting activities.

In an effort to avoid unnecessary Court involvement and expense, Waste Industries offered to provide Meeks Disposal with information and documents in response to a more limited request. However, Meeks Disposal refuses to limit its subpoena.

Because Meeks Disposal is a direct competitor, Waste Industries is strongly opposed to producing information responsive to the subpoena related to compensation, benefits, operations, and/or financial budgets or performance. Thus, in the event that the Court grants Meeks Disposal's motion to compel, Waste Industries respectfully requests that the Court exclude from any compelled production confidential information. This approach would allow Non-Party Waste Industries to protect its interests in keeping a direct competitor from obtaining detailed and confidential business information, including the following:

(1) Waste Industries, Inc. Detail Income Statements;

(2) Detailed company wide YTD (1998) – Vehicle Accident Summary identifying number, insurances, reserves, etc.;

(3) Detailed YTD (1998) Employee Injury Summary;

(4) Commission Summary for L. Decker; and M. Thrift;

(5) Wages/benefits/bonus rates/changes;

(6) Communications to/from Mr. Naftaly re 1998 bonus calculations;

(7) 7/6/98 memo re compensation and benefits for Mr. Naftaly and a co-worker;

(8) Time and pay inquires;

(9) Salary change forms;

(10) Payroll data sheets;

(11) 3/22/04 Vacation Pay calculation work sheets;

(12) Completed 2001 Salary Increase form;

(13) Time and Pay Inquiry for 1/1/02 through 12/31/02;

(14) Time and Pay Inquiry from 1/1/99 through 11/17/99;

(15) PDBAs by Payroll Month – Year 2000;

(16) Unsigned "draft" consulting agreements considered by Waste Industries, which were never signed or entered into with Mr. Naftaly;

(17) 5/19/00 Memo re accrued vacation;

(18) 3/10/04 memo re vacation time;

(19) 3/6/00 Memo from T. Winstead re budget; and

(20) 3/19/00 Memo from Mr. Naftaly to T. Palmer re response to annual review, which includes detailed discussions of branch operations, including revenue, income and operational challenges.

At the same time, this approach would allow Meeks Disposal to obtain complete (or redacted as specified below) copies of documents containing information about Mr. Naftaly's general employment history, including the following potentially responsive documents:

(1) New Hire Data Sheet;

(2) Employee data sheets reflecting employee's personal information, *e.g.*, start date, hire date, date of birth and other similar information (redacted to exclude social security number, rates/levels/amounts of compensation/benefits/bonuses);

(3) Salary Change Forms (redacted to exclude salary rates and increase amounts);

(4) Letter to Waste Industries' President and CEO from Mr. Naftaly outlining reasons for a leave of absence and issues surrounding Mr. Naftaly's departure from Waste Industries and new employment;

(5) 1998, 1999, 2000 and 2001 Annual Performance Appraisals/Reviews (redacted to exclude attached financial and operational productivity reports and references to and data regarding the financial performance of branch office, as well as customer gains and risk management);

(6) 2-10-04 Fannie Mae request For Verification of Employment;

(7) W-4 and Form VA-4 Forms (1996);

(8) Noncompetition Agreement (redacted to exclude attached Incentive Stock Option Agreement);

(9) Employee memo to T. Palmer re customer service issues and unrelated Naftaly joke;

(10) Memo re Change In Annual Days Vacation (1999);

(11) Confidentiality Agreement;

(12) Employee Self Identification form;

(13) Handwritten note re customer pick up;

(14) New Hire Check list;

(15) Certificate of Training – Diversity, Sexual Harassment and Interviewing;;

(16) Termination Report form;

(17) Acknowledged Equal Employment Opportunity Orientation Statement;

(18) Acknowledged Drug & Alcohol Policy;

(19) Acknowledged Receipt of Benefits Summary; and

(20) Refund check for mistake in fact retirement plan contribution and12/21/00 and memo re employees exceeding contribution limits required to refund of mistake in fact contributions (redacted to exclude info re other employees);

(21) 2-25-04 Resignation Letter.

Waste Industries urges the Court to uphold its objections and to deny Meeks Disposal's motion to compel. However, in the event that the Court compels production of Waste Industries' confidential business information, without limiting the scope of the compelled production, Waste Industries respectfully requests that the Court require the entry of a protective order limiting the disclosure of the above-specified confidential information to "attorneys' eyes only" as a condition to any such compelled disclosure.

**CONCLUSION**

For the foregoing reasons, Non-Party Waste Industries' objections should be upheld, and Meeks Disposal's motion to compel should be denied. Alternatively, any order compelling production should be tailored to protect Non-Party Waste Industries' concerns about having to produce confidential business information to a direct competitor, either by permitting Waste Industries to withhold or redact confidential information or allowing Waste Industries to produce its

confidential information subject to a mutually agreeable protective order limiting disclosure of such confidential information to attorneys' eyes only.

This the 22nd day of October, 2007.

Respectfully submitted,

/s/ Jennifer M. Miller

Jennifer M. Miller
N.C. Bar No. 25340
Post Office Drawer 17803
Raleigh, NC 27619
Telephone No. (919) 781-4000
Facsimile No. (919) 781-4865
jmiller@wyrick.com
*Counsel for Nonparty Waste Industries Service, LLC*

**CERTIFICATE OF SERVICE**

Undersigned counsel hereby certifies that on October 22, 2007, a true and accurate copy of the foregoing was filed by electronic transmittal with the Clerk of Court's Office via the CM/ECF System for filing with copies of the same served on all counsel of record by electronic mail and by U.S. Mail postage prepaid, addressed as follows:

John Bryan Plumlee, Esq.
Paul R. Schmidt, Esq.
Huff, Poole & Mahoney, P.C.
4705 Columbus Street
Virginia Beach, VA 23462
Email: bplumlee@hpmlaw.com
Facsimile No. (757) 552-6041

Joseph Marc Goldstein, Esq.
Shutts & Bowen, LLP
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Email: jgoldstein@shutts.com
Facsimile No. (954) 888-3066

Frank Jefferson Hughes, Esq.
U.S. Department of Justice
Civil Division – Commercial Litigation Br.
1100 L Street, NW 8th Floor
Washington, DC 20530
Email: jeff.hughes@usdoj.gov
Facsimile No. (202) 514-8640

/s/ Jennifer M. Miller
Jennifer M. Miller