**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **MEEKS DISPOSAL CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Bid Protest** |
| | ) | |
| **v.** | ) | **No. 07-554C** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | **(Judge Sweeney)** |
| | ) | |
| **Defendant,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DORADO SERVICES, INC.,** | ) | |
| | ) | |
| **Defendant-Intervenor.** | ) | |

************************************/

**DORADO'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT-INTERVENOR RESPONSE TO WRITTEN DISCOVERY**

Defendant-Intervenor Dorado Services, Inc. files this response to the Motion of Meeks Disposal Corporation Motion to Compel Production of Documents and Interrogatories (hereinafter "Motion to Compel"). For the reasons discussed below, this Court should deny the Motion to Compel.

**Plaintiff's Motion to Compel Depositions**

Plaintiff Meeks seeks to depose three representatives of Intervenor: Irving Naftaly; Phillip Foreman; and a Corporate Representative of Intervenor as to communications with the Navy. Motion of Plaintiff to Compel Depositions, at 2, ¶ 4 (hereinafter "Motion"). Plaintiff contends that these depositions, which seek materials outside of the administrative record, are necessary to obtain information regarding the issue it that it raised in its amended bid protest that the agency accepted revised proposals after discussions. Motion, at 2-3, ¶ 7-9. Plaintiff also appears to justify the deposition of Mr. Naftaly based on the unsupported allegation in its motion

that it "has obtained additional information concerning improper communications which warrants further inquiry." Motion, at 4, ¶ 21.

**<u>The Agency and Dorado Have Responded to the Discussions Issue by Written Discovery</u>**

In statements to the Court at the hearing on the motion for a temporary injunction and their responses to written discovery, the agency and the awardee have confirmed that there were not any discussions or submissions of revised proposals. *See, e.g.*, Motion, at 3, ¶¶ 10-11, and Responses to Written Discovery, which are attached hereto as Exhibit "A". Further, as to the Plaintiff's allegations in its Motion that there is evidence of additional improper communications, which Dorado denies, Plaintiff's claim is mere innuendo and suspicion and, in any event, these allegations are not relevant to any of the claims in Plaintiff's amended complaint. Accordingly, as demonstrated below, Plaintiff has presented an insufficient basis to justify the depositions of Irving Naftaly, Phillip Foreman, and a Corporate Representative of Intervenor.

**<u>Introduction</u>**

Meeks' Motion to Compel is deficient on its face. In support of its Motion, Meeks merely incorporates its argument and discussion in support of its motion to compel deposition and states that the information sought through the objected to written discovery "is germane and relevant to these proceedings because the discovery requests seek information directly related to the Claims for Relief in Meeks' Complaint and Amended Complaint." Motion to Compel, at ¶¶ 10-11, at 3. Contrary to Meeks' position, the information that Dorado objected to in the written discovery is far from germane to the issues in this matter.

Meeks Complaint and Amended Complaint raises the following issues:

1. The Navy's determination that Meeks' Proposal was rated "Less than Acceptable" overall is arbitrary and capricious. Count I, at ¶¶ 50-52.

2. The Navy's rating of "Less than Acceptable" for the Technical Approach / Management factor is arbitrary and capricious. Count II, at ¶¶ 53-55.

3. The Navy's evaluation of the Technical Approach / Management factor was based on undisclosed evaluation criteria. Count III, at ¶¶ 56-61.

4. The Navy's rating of "Less than Acceptable" for the Corporate Experience factor is arbitrary and capricious. Count IV, at ¶¶ 62-64.

5. The Navy's evaluation of the Corporate Experience factor was based on undisclosed evaluation criteria. Count V, at ¶¶ 65-69.

6. The Navy should have referred its determination of less than acceptable of Meeks' Technical Proposal to the Small Business Administration. Count VI, at ¶¶ 70-74, and Count IX, at ¶¶ -81-85

7. The Navy's determination that Meeks' price was unreasonable and unrealistic is arbitrary and capricious. Count VII, at ¶¶ 75-77.

8. The Navy failed to conduct a proper cost-technical tradeoff as to Dorado's proposal. Count IIX, at ¶¶ 78-80. (Elsewhere in its Complaint, Meeks acknowledges that the Navy's award of this procurement was to be to the lowest priced, technically acceptable offer, without any provision for a cost-technical tradeoff. Complaint, at ¶¶ 6 & 26)

9. The Navy conducted improper discussions and received revised proposals after discussions. Amended Complaint, Count X, ¶¶ 108-116

**<u>Dorado Fully Responded to Written Discovery Relating to Discussions</u>**

Based on the issues above, Dorado responded to any of Meeks' written discovery that related to the discussions issue in its Amended Complaint, but objected to any other discovery not related to the issues before this Court. Thus, Dorado fully responded to Meeks' Interrogatory Number 4, which sought information as to such discussions. In addition, Dorado provided Meeks' with a copy of the e-mail exchanges mentioned in the response to Interrogatory Number 4 relating to any communications between the Navy and Dorado. *See* Response to Request for Production Number 1.

**<u>Meeks' Remaining Written Discovery Seeks Information Not Relevant to the Case</u>**

The remaining written discovery sought by Meeks seeks information that goes beyond the scope of permissive discovery in a bid protest. First, Meeks seeks information relating to

Dorado's contract or proposal in this matter and more broadly any contracts with other governmental entities. *See* Request for Production Number 3 and 4[1] and Interrogatory Number 1. The other written discovery relates to an employee of Dorado, Irving Naftaly. *See* Request for Production Number 2 and Interrogatory Number 2 and 3.

Like Meeks' attempt to take depositions, the information sought in these additional requests is not germane to the issues in the lawsuit and Meeks has failed to explain why such information is necessary. To obtain discovery on matters that would not be in the agency record, such as improper discussions, the Plaintiff's allegations must rest on a strong evidentiary footing to overcome the normal presumption of regularity and good faith conduct by agency officials; accordingly, the Plaintiff needs more than innuendo or suspicion to entitle it to discovery seeking such evidence. *Orion Intern. Technologies v. United States*, 60 Fed. Cl. 338, 343-344 (2004). Like in *Orion International*, nothing more than innuendo exists in the present case.

In *Orion International,* the protester sought to depose three witnesses not involved in the agency's decision regarding the alleged fraud surrounding the intended awardee's bid. *Id.* at 344-45. Reasoning that it was obligated to "carefully tailor discovery in bid protest cases to reduce its intrusiveness and to limit it to matters that may lead to relevant evidence," the court denied such depositions, but permitted pre-approved, limited, written discovery as to one of the potential deponents and denied discovery as to others potential deponents. *Id.* at 345-347; *see also Four Points by Sheraton v. United States,* 63 Fed. Cl. 341, 344-45 (2004) (denying protester's motion to supplement administrative record because there was an insufficient basis to justify such discovery); *Gulf Group, Inc. v. United States,* 61 Fed. Cl. 338, 348 (2004) (permitting limited written discovery, but denying the requested depositions as more burdensome

[1] Dorado's response to Request for Production Number 4 should state that there were no revised or amended proposals and that the stated objection only goes to Dorado's proposal as submitted.

than necessary to obtain the missing information). In the present case, the Court has permitted written discovery. Both the agency and Dorado have fully responded to the relevant issues in response to the Plaintiff's written discovery. The objections to the written discovery sought by Meeks as to Dorado's proposal in this case, other government contracts of Dorado, and materials relating to Irving Naftaly merely seek to prevent Meeks from broadening the scope of this protest beyond the issues currently before the Court. Neither Meeks' Motion to Compel here nor its Motion to Compel Depositions offers any reasonable basis why such information is germane to the pending issues in the present case.

## **Conclusion**

Thus, for all the reasons above, this Court should deny the Motion to Compel.

SHUTTS & BOWEN LLP
*Counsel for Dorado Services, Inc.*
200 East Broward Boulevard
Suite 2100
Fort Lauderdale, FL 33301
Main: (954) 524-5505
Direct: (954) 847-3837
Direct Fax: (954) 888-3066

By: /s/Joseph M. Goldstein
JOSEPH M. GOLDSTEIN
jgoldstein@shutts-law.com
Florida Bar No.: 820880

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 22, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Joseph M. Goldstein

**SERVICE LIST**

MEEKS DISPOSAL CORPORATION v. THE UNITED STATES OF AMERICA
UNITED STATES COURT OF FEDERAL CLAIMS
CASE NO.: 07-544

J. Bryan Plumlee, Esquire
Huff, Poole & Mahoney, P.C.
Counsel for Meeks Disposal Corporation
4705 Columbus Street
Virginia Beach, Virginia 23462
bplumlee@hpmlaw.com

F. Jefferson Hughes, Esquire
Counsel for The United States
Department of Justice, Commercial Litigation Branch
Civil Division, 8th Floor
100 L. Street, N.W.
Washington, DC 20530
Jeff.Hughes@usdoj.gov

Damon Martin, Assistant Counsel
Naval Facilities Engineering Command Headquarters
damon.a.martin@navy.mil